UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAREY PATTERSON,<br><br>              Plaintiff(s),<br><br>vs.<br><br>DCFS TRACY HARRINGTON, et al.,<br><br>              Defendant(s). | Case No. 2:15-cv-02007-JCM-NJK<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

  Concurrently herewith, the Court is issuing an order granting Plaintiff's application to proceed *in forma pauperis*. Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule

8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's claims as currently alleged are difficult to discern. Plaintiff's first claim appears that he is alleging that he was arrested for child abuse and maliciously prosecuted for that crime. *See* Docket No. 1-1 at 4. Plaintiff alleges there were irregularities and/or misconduct with respect to that arrest and prosecution. *See id.*[1] It appears that Plaintiff was convicted during those proceedings. *See id.* at 2, 8 (referencing, respectively, the "guilty verdict" and being "found guilty" of child abuse and neglect). Such allegations cannot state a claim for relief. The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). In this instance, it appears Plaintiff is challenging the conduct leading up to and culminating in his prosecution. *See* Docket No. 1-1 at 4. Such a claim is barred by *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.2d 697, 703

---

[1] Plaintiff appears to frame this issue as involving a violation of the constitutional provisions against slavery. *See* Docket No. 1-1 at 3.

(9th Cir. 2003).  Moreover, Plaintiff has not alleged that the resulting conviction has been invalidated.  As such, Plaintiff's first claim as currently pled fails as a matter of law.

Plaintiff's other two causes of action are also not entirely clear.  To the extent they do not challenge the underlying criminal proceedings and apparent conviction, it appears Plaintiff is attempting to bring state law causes of action.  *See* Docket No. 1-1 at 4 (appearing to attempt to bring claim under N.R.S. 200.508), *id.* at 6  (appearing to attempt to bring claim under N.R.S. 388.135).  Given that Plaintiff has failed to state a claim as to his federal law cause of action, the undersigned will not screen these state law claims at this time since a failure to state a federal claim will lead to a recommendation that the Court decline to exercise supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).

In light of the above, the Complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **February 29, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

DATED: January 28, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge